**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **Tenaha Licensing LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**TigerConnect, Inc.,**<br><br>Defendant. | Case No. ________________<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Tenaha Licensing LLC ("Tenaha"), through its attorneys, complains of TigerConnect, Inc. ("TigerConnect"), and alleges the following:

## PARTIES

1. Plaintiff Tenaha Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 3000 Custer Road, Suite 270-7027, Plano, TX 75075.

2. Defendant TigerConnect, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 2110 Broadway Santa Monica, CA 90404.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Tenaha has suffered harm in this district.

## PATENT-IN-SUIT

7. Tenaha is the assignee of all right, title and interest in United States Patent No. 8,238,869 (the "'869 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Tenaha possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '869 Patent

8. The '869 Patent is entitled "Lifesaver personal alert and notification device Lifesaver personal alert and notification device," and issued 8/7/2012. The application leading to the '869 Patent was filed on 6/20/2006. A true and correct copy of the '869 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '869 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '869 PATENT

10. Tenaha incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '869 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least TigerConnect's Clinical Communication System (among the "Exemplary TigerConnect Products") that infringe at least exemplary claims 15 of the '869 Patent (the "Exemplary '869 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '869 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '869 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '869 Patent. On information and belief, Defendant has also continued to sell the Exemplary TigerConnect Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '869 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '869 Patent.

15. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '869 Patent, literally or by the doctrine of equivalence, by selling Exemplary TigerConnect Products to their customers for use in end-user products in a manner that infringes one or more claims of the '869 Patent.

16. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '869 Patent, literally or by the doctrine of equivalence, by selling Exemplary TigerConnect Products to their customers for use in end-user products in a manner that infringes one or more claims of the '869 Patent.

17. Exhibit 2 includes charts comparing the Exemplary '869 Patent Claims to the Exemplary TigerConnect Products. As set forth in these charts, the Exemplary TigerConnect Products practice the technology claimed by the '869 Patent. Accordingly, the Exemplary TigerConnect Products incorporated in these charts satisfy all elements of the Exemplary '869 Patent Claims.

18. Tenaha therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19. Tenaha is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Tenaha respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Tenaha respectfully requests the following relief:

A. A judgment that the '869 Patent is valid and enforceable;

B. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '869 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Tenaha all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Tenaha for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Tenaha be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that Tenaha be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Tenaha be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: July 27, 2019

Respectfully submitted,

/s/Stamatios Stamoulis
Stamatios Stamoulis (No. 4606)
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com

Isaac Rabicoff
(*Pro Hac Vice admission pending*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Tenaha Licensing LLC**